UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORA KNOWELL-JONES, | No. C-14-1715 EMC |
| Plaintiff, | |
| v. | **ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND** |
| SILVIO R. BELINI, JR., *et al.*, | **(Docket No. 13)** |
| Defendants. | |

On May 9, 2014, the Court issued an order granting Plaintiff Ora Knowell-Jones' application to proceed *in forma pauperis* and dismissing the complaint for failure to state a claim under the screening provisions of 28 U.S.C. § 1915(e)(2). On June 5, 2014, Plaintiff filed an amended complaint. For the following reasons, the amended complaint is **DISMISSED**. Dismissal, however, will be with leave to amend to afford Plaintiff one final opportunity to correct the identified deficiencies.

**I.   FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff's amended complaint alleges that she and her now deceased husband purchased a home in Alameda County. Amended Complaint ("Compl.") at 1 (Docket No. 13). She alleges that this home was stolen by "real estate agents posing as CitiMortgage agents (whom are not Creditors)" and that at the time of the theft, her home was "free of debt." *Id.* She asserts a claim of "fraudulent foreclosure" against four Defendants: (1) Marvin Remmich, a "[b]roker for Ram Properties"; (2) Pat Prendiville, a "Certified Residential Specialist for Security Pacific Real Estate Brokerage";

(3) Citifinacial Mortgage; and (4) Silvio R. Belini, Jr., the individual who allegedly purchased Plaintiff's home. *Id.* at 2.

Plaintiff generally alleges that the defendants were "co-conspirators in obtaining plaintiff's property by claiming to be agents of the bank." *Id.* at 3. She alleges that this representation was false and that she relied on these representations. *Id.* She further alleges that "Defendants knowingly, willingly, wantonly, and maliciously with the intent to defraud, made the mis-representations to Plaintiff, and defendants knew at the time that they were attempting to foreclose on Plaintiff's Trust Deed and note that they had no right to do so." *Id.*

The amended complaint does not contain any factual allegations supporting the above statements.

## II.   DISCUSSION

A.   <u>Subject Matter Jurisdiction Appears to Be Lacking over this Action</u>

The threshold question presented by Plaintiff's amended complaint is whether this Court has subject matter jurisdiction over this action. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The two main classes of cases over which the federal courts have jurisdiction are those that present a federal question, *see* 28 U.S.C. § 1331, and those in which the parties have diverse citizenship, *see id.* § 1332. As currently pled, it appears that neither of these traditional bases of subject matter jurisdiction are present.

First, the amended complaint alleges a single cause of action for "fraudulent foreclosure." The complaint begins by asserting that "[t]his is a civil action pursuant to 28 U.S.C. § 1343 to redress the deprivation of rights certain of which are expressed and guaranteed within the Constitution." Compl. at 1. Section 1343 provides, in relevant part, that the district courts shall have jurisdiction over any person "[t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights." 28 U.S.C. § 1343(a)(4). Jurisdiction is not properly pled under § 1343. The amended complaint does not reference any constitutional or federal statutory right that Defendants allegedly violated. Accordingly, there does not appear to be any basis for federal question jurisdiction under either § 1343 or § 1331.

Second, the amended complaint reveals that diversity jurisdiction does not exist. Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity of the parties. *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008) ("Diversity jurisdiction requires complete diversity between the parties – each defendant must be a citizen of a different state from each plaintiff."). The amended complaint alleges that Plaintiff is a citizen of California, Compl. at 2. Further, at least three of the Defendants are alleged to be citizens of California. *Id.* at 3. Accordingly, diversity jurisdiction is lacking.

Accordingly, Plaintiff's amended complaint is **DISMISSED** for lack of subject matter jurisdiction. However, Plaintiff will be afforded an opportunity amend her complaint to assert a proper basis for federal subject matter jurisdiction.

B. <u>The Amended Complaint Fails to State a Claim</u>

Plaintiff is also advised that as currently pled, her complaint does not contain sufficient factual allegations to state a claim. While a complaint need not contain "detailed factual allegations," it nonetheless must plead "enough facts to state a claim to relief that is plausible on its face." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

In addition, because it appears that Plaintiff is relying on allegations of fraudulent conduct on the part of Defendants, Plaintiff is advised that she must meet the heightened pleading requirements of Fed. R. Civ. P. 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 125 (9th Cir. 2009) (holding that a claim which is "grounded in fraud" or "sounds in fraud" must meet the particularity requirement of Rule 9(b)). Under this standard, Plaintiff must plead with particularity the alleged misrepresentation, who made it, how it was conveyed, and when it was made. *See Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). Further, Plaintiff must allege the role each defendant played in the allegedly wrongful conduct – Plaintiff may not simply group the Defendants together. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007).

As currently pled, the only factual allegation is that "defendants" claimed "to be agents of the bank." Compl. at 3. The remaining allegations are mere conclusory statements unadorned by

any factual support. The Court is unable to determine the role each Defendant played in the alleged scheme, how the alleged scheme was perpetrated, or when it occurred. Accordingly, Plaintiff is advised that in amending her complaint, she must include more factual support for her claim and describe (1) what actually occurred and (2) what *each* defendant did to allegedly steal her home.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's amended complaint is **DISMISSED** with leave to amend. Plaintiff shall file her second amended complaint no later than July 28, 2014.

For Plaintiff's benefit, the Court directs her attention to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at http://cand.uscourts.gov/proselitigants. Ms. Knowell-Jones may also contact the Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, Telephone No. (415) 782–9000 extension 8657, for free legal advice regarding her claims.

IT IS SO ORDERED.

Dated: June 23, 2014

_____
EDWARD M. CHEN
United States District Judge

4