United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORA KNOWELL-JONES,<br><br>      Plaintiff,<br><br>      v.<br><br>SILVIO R. BELINI, JR., *et al.*,<br><br>      Defendants.<br>_____/ | No. C-14-1715 EMC<br><br>**ORDER DISMISSING PLAINTIFF'S CORRECTED SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>**(Docket No. 17)** |

      On May 9, 2014, the Court issued an order granting Plaintiff Ora Knowell-Jones' application to proceed *in forma pauperis* and dismissing the complaint for failure to state a claim under the screening provisions of 28 U.S.C. § 1915(e)(2). On June 5, 2014, Plaintiff filed an amended complaint, which the Court subsequently dismissed, with leave to amend, for lack of subject matter jurisdiction and failure to state a claim. Plaintiff has filed a second amended complaint ("SAC"). For the following reasons, the SAC will be **DISMISSED** with leave to amend.

### I.   FACTUAL BACKGROUND

      Plaintiff's SAC alleges that Defendants have stolen Plaintiff's real property. *See* SAC ¶ 12. The corrected SAC filed by Plaintiff does not identify the real property or even specify that it was her home, but in the initial SAC filed, Plaintiff identifies the property as a home she purchased with her husband in 1985. Docket No. 16, at 5. The SAC, like the amended complaint before it, is short on factual allegations, generally alleging things such as "[e]ach one of the defendants posed as affiliates of a well-established bank . . . and then took Plaintiff's real property as well as her personal property from her and converted it for their benefit." SAC ¶ 12. Similarly, it alleges that the

defendants were "co-conspirators" and made "representations with intention to deceive and defraud plaintiff." *Id.* ¶ 13, 14. It appears that the SAC is attempting to allege causes of action under the Truth in Lending Act ("TILA") and Fair Debt Collection Practices Act ("FDCPA"). *Id.* ¶ 18.[1]

## II. DISCUSSION

Under 28 U.S.C. § 1915(e)(2), a court must dismiss any case in which a litigant seeks leave to proceed *in forma pauperis* if it determines that the action fails to state a claim on which relief may be granted. *Id.* § 1915(e)(2)(B)(ii). Previously, the Court dismissed the amended complaint for lack of jurisdiction and failure to state a claim. By alleging a violation of TILA and the FDCPA, Plaintiff has corrected the jurisdictional defect identified by the Court. However, Plaintiff's SAC still fails to state a claim.

Under Federal Rule of Civil Procedure 8, a plaintiff is required to plead a short and plain statement of the claim showing that she is entitled to relief. Fed. R. Civ. P. 8(a)(2). The conclusory allegations in Plaintiff's corrected SAC fail to satisfy this standard in that it fails to frame the dispute and give the defendants, and Court, notice of the claims upon which relief is sought. Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The difference between a conclusory allegation and a factual allegation can best be understood by some examples. For example, "Smith drove negligently" is a conclusory allegation and "Smith drove through an intersection without stopping at the stop sign" is a factual allegation. As another example, "Judge Smith imposed an excessive fine" is a conclusory allegation and "Judge Smith imposed a fine of eight million dollars" is a factual allegation. When a complaint merely alleges conclusions and does not describe the facts that support the conclusions, it is deficient.

---

[1] In the original SAC filed three days before the "corrected" SAC, thirteen causes of action – all arising under California state law – were alleged.

Plaintiff's corrected SAC consists entirely of legal conclusions or conclusory statements – there are few, if any, factual allegations. The allegations that Defendants "took Plaintiff's real property as well as her personal property from her and converted it for their benefit" does not provide any description of the facts on which Plaintiff is relying to assert her claims. Similarly, vague references to false or untrue representations – without describing what the representations actually were, when they were made, by whom, and why they were false – do not suffice to state a claim. The complaint must contain specific factual allegations that establish how each Defendant violated the TILA and FDCPA.

The Court has given Plaintiff two opportunities to amend her complaint, and many of the same deficiencies that were present in the original complaint remain in the SAC. Nonetheless, the Court will grant Plaintiff one *final* chance to amend her complaint to attempt to state a claim. The third amended complaint must be contain all allegations and causes of action on which Plaintiff seeks to proceed and comply with the requirements described in this order. Each cause of action must be clearly labeled and supported by sufficient *factual* (*i.e.*, non-conclusory) allegations. Finally, the third amended complaint must be complete in itself and may not reference prior filings. The Court again directs Plaintiff's attention to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at http://cand.uscourts.gov/proselitigants. Plaintiff may also contact the Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, Telephone No. (415) 782–9000 extension 8657, for free legal advice regarding her claims.

///
///
///
///
///
///
///
///

# III. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's corrected Second Amended Complaint is **DISMISSED**, with leave to amend. Plaintiff shall file her third amended complaint within 30 days of this order.

IT IS SO ORDERED.

Dated: July 30, 2014

_____
EDWARD M. CHEN
United States District Judge