UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORA KNOWELL-JONES,<br><br>        Plaintiff,<br><br>    v.<br><br>SILVIO R. BELINI, JR., *et al.*,<br><br>        Defendants.<br>_____/ | No. C-14-1715 EMC<br><br>**ORDER DISMISSING PLAINTIFF'S THIRD AMENDED COMPLAINT AND ACTION** |

Plaintiff Ora Knowell-Jones filed the instant action in this Court on April 14, 2014. Docket No. 1. The Court granted Plaintiff's application to proceed *in forma pauperis* but, pursuant to its screening obligation under 28 U.S.C. § 1915(e)(2), dismissed the original complaint for failure to state a claim but afforded Plaintiff leave to amend. Docket No. 12. The Court has since reviewed, and dismissed, Plaintiff's amended and second amended complaints. Plaintiff has now filed a third amended complaint. However, as with Plaintiff's previous complaints, the third amended complaint fails to state a claim on which relief can be granted. Accordingly, Plaintiff's action will be **DISMISSED**.

## I.  FACTUAL & PROCEDURAL BACKGROUND

Plaintiff's amended complaint asserted a claim against Defendant Marvin A. Remmich (a broker for "Ram Properties"), Pat Prendiville (a "Certified Residential Specialist"), Citifinancial Mortgage, and Silvio R. Belini Jr. for "Fraudulent Foreclosure." Docket No. 13. The Court dismissed Plaintiff's amended complaint for failure to state a claim and for lack of subject matter jurisdiction.

Jurisdictionally, the Court found that Plaintiff's amended complaint did not invoke federal diversity jurisdiction under 28 U.S.C. § 1332 because all parties were citizens of California, thus destroying complete diversity. Docket No. 14, at 2; *see also In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008) ("Diversity jurisdiction requires complete diversity between the parties – each defendant must be a citizen of a different state from each plaintiff."). Further, the Court noted that Plaintiff failed to allege any violation of federal statutory right and thus federal question jurisdiction under 28 U.S.C. § 1331 was lacking. Docket No. 14, at 2. As an alternative holding, the Court found that the amended complaint failed to state a claim because the allegations in the complaint were "mere conclusory statements unadorned by any factual support." Specifically, the Court was "unable to determine the role each Defendant played in the alleged scheme, how the alleged scheme was perpetrated, or when it occurred." Docket No. 14, at 3-4.

Plaintiff's second amended complaint, liberally construed, appeared to assert claims under the Truth in Lending Act and Fair Debt Collection Practices Act and therefore addressed the Court's jurisdictional holding. Nonetheless, the Court dismissed the second amended complaint for failure to state a claim because "Plaintiff's corrected SAC consists entirely of legal conclusions or conclusory statements – there are few, if any factual allegations." Docket No. 18, at 3. The Court described the pleading requirements under Federal Rule of Civil Procedure 8 and the requirement that a complaint contain factual allegations as opposed to conclusory statements or conclusions of law. *Id.* at 2-3. The Court then provided "Plaintiff one *final* chance to amend her complaint to attempt to state a claim." *Id.* at 3.

Plaintiff's third amended complaint no longer asserts a Truth in Lending Act or Fair Debt Collection Practices Act claim, but instead alleges fifteen state law causes of action against four California defendants. Plaintiff generally alleges that the defendants engaged in a joint venture to encumber Plaintiff's property and then extract money from Plaintiff by threatening to seize her property. Docket No. 21, at 7.

///

///

///

## II. **DISCUSSION**

Under 28 U.S.C. § 1915(e)(2), a court must dismiss any case in which a litigant seeks leave to proceed *in forma pauperis* if it determines that the action fails to state a claim on which relief may be granted. *Id.* § 1915(e)(2)(B)(ii).

While not entirely clear, it appears that Plaintiff's third amended complaint asserts fifteen *state* causes of action. However, there is a single reference to defendants having violated Plaintiff's civil rights under 42 U.S.C. § 1986. Docket No. 21, at 14. The Court will liberally construe Plaintiff's third amended complaint as attempting to assert a cause of action under 42 U.S.C. § 1986. As a result, the Court finds that subject matter jurisdiction exists over this action under 28 U.S.C. § 1331. Ultimately, however, Plaintiff has failed to state a claim under 42 U.S.C. § 1986. Section 1986 "imposes liability on every person who knows of an impending violation of section 1985 but neglects or refuses to prevent the violation." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Accordingly, "[a] claim can be stated under section 1986 only if the complaint contains a valid claim under [42 U.S.C. §] 1985." *Id.* However, § 1985, and thus § 1986, require a plaintiff to allege that some form of class-based animus (usually racial) motivated the defendants' actions. *See Stonecipher v. Bray*, 653 F.2d 398, 401 (9th Cir. 1981); *see also Donahue v. City of Boston*, 304 F.3d 110, 122 (1st Cir. 2002). There are no allegations in the third amended complaint that the defendants have engaged in some form of class-based discriminatory conduct. Accordingly, Plaintiff has not stated a claim under either § 1985 or § 1986. *See Stonecipher*, 653 F.3d at 401 (affirming dismissal of § 1985 and § 1986 claim because "[n]owhere in his complaint did Stonecipher allege that he was the victim of racial or other class-based invidiously discriminatory action").[1]

The Court has afforded Plaintiff three opportunities to amend her complaint. Each iteration of Plaintiff's complaint has raised different causes of action and each has failed to plead sufficient

---

[1] Plaintiff's third amended complaint contains references to the defendants having violated her First, Fourth, and Fifth Amendment rights. These amendments protect an individual's rights from government action and do not apply to actions against private individuals such as the defendants in this action. *See, e.g.*, *United States v. Goldstein*, 532 F.2d 1305 (9th Cir. 1976) ("[T]he Fourth Amendment is a constraint on government action rather than on the actions of private individuals.").

factual allegations to state a claim. Accordingly, the Court's dismissal of Plaintiff's 42 U.S.C. § 1986 claim will be without leave to amend. *See* Docket No. 18 (stating, in dismissing Plaintiff's second amended complaint, that the Court "will grant Plaintiff one *final* chance to amend her complaint to attempt to state a claim").

Plaintiff's remaining causes of action all arise under California state law. Having found that Plaintiff has failed to state a claim under the only federal cause of action asserted in the third amended complaint,[2] the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3). The dismissal is without prejudice to pursuit of these claims in California state court.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's action is **DISMISSED**. The Clerk of the Court is instructed to enter judgment and close the file.

IT IS SO ORDERED.

Dated: September 10, 2014

EDWARD M. CHEN
United States District Judge

---

[2] For the reasons articulated by the Court in dismissing Plaintiff's amended complaint, there is no basis for diversity jurisdiction in this action as Plaintiff and all the defendants are alleged to be citizens of California. *See In re Digimarc Corp.*, 549 F.3d at 1234 ("Diversity jurisdiction requires complete diversity between the parties – each defendant must be a citizen of a different state from each plaintiff.").